IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **MICHELLE SOUCIE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| **CITY OF BRAIDWOOD, ILLINOIS,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, Michelle Soucie, as and for her Complaint against Defendant City of Braidwood, Illinois, states as follows:

**Allegations Common to All Counts**

1. Plaintiff, Michelle Soucie, is a female individual resident of Illinois, residing in Kankakee County, Illinois.

2. Defendant City of Braidwood, Illinois, is a municipal corporation in Will County, Illinois, organized under the laws of the State of Illinois. Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e-3, and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*.

3. Plaintiff became employed by Defendant on or about September 12, 1998. After multiple promotions based on merit, Plaintiff became Deputy Chief of Police on or about July 14, 2015.

4. During her employment with Defendant as Deputy Chief of Police, Plaintiff performed her duties in a manner which met or exceeded Defendant's legitimate expectations.

5. In May, 2015, Nicholas Ficarello became Chief of Police for Defendant, and accordingly he became Plaintiff's direct supervisor. Chief Ficarello is male.

6. As Plaintiff's supervisor, Chief Ficarello subjected Plaintiff to a continuous stream of negative and sexually suggestive comments on the basis of her sex, including bragging about the number of women with whom he had slept.

7. Chief Ficarello's comments were unwelcome, and they interfered with Plaintiff's ability to do her job.

8. Chief Ficarello further insisted that Plaintiff drink alcohol with him at inappropriate times, and, on one occasion, that she wear high heeled shoes to please him.

9. Defendant subjects Plaintiff to terms and conditions of employment which differ from those for male employees of its police department.

10. Plaintiff's supervisor's comments and actions created a hostile work environment for Plaintiff within the City of Braidwood Police Department.

11. On or about December 14, 2016 Plaintiff informed the City that Chief Ficarello's conduct was objectionable, by delivery of a letter to the City's Chief Executive Officer, Mayor James Vehrs, which letter was signed by Plaintiff's husband.

12. In response to Plaintiff's complaint about Chief Ficarello, and shortly thereafter, the City retaliated against Plaintiff by placing her on paid administrative leave, supposedly pending an investigation.

13. Defendant's alleged basis for the change in plaintiff's status is vague and pretextual, and no serious internal investigation has occurred in the ensuing six months.

14. Nevertheless, Defendant has initiated a criminal investigation of Plaintiff, which has required her to incur legal expenses, and to endure additional anxiety and emotional distress.

15. The City has not permitted Plaintiff to resume her duties as Deputy Chief of Police, The change in her status has caused her emotional distress, has caused the loss of her good

2

reputation, and will require her to retake various certification exams before she can eventually resume her duties.

16. On information and belief, Defendant has taken other retaliatory actions against Plaintiff, including:

a) attempting to interfere with the health insurance coverage for Plaintiff and her family; and

b) disclosing to the local newspaper the fact that Plaintiff had filed a Charge of Discrimination with the EEOC, which fact was not otherwise public knowledge.

17. Venue for this Action is proper in this Court, because Defendant's alleged actions took place in this District.

18. Plaintiff has exhausted her administrative remedies with respect to her claims under Title VII and the Illinois Human Rights Act.

## COUNT I
### Sex discrimination, including sexual harassment, in violation of Title VII

19. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 18, *supra.*, as if restated in full in this Count I.

20. Defendant discriminated against Plaintiff on the basis of her sex, female.

21. Defendant subjected Plaintiff to a hostile work environment by reason of supervisor Chief Ficarello's extreme and pervasive conduct on the basis of Plaintiff's sex, female.

22. Defendant's actions and its failure to control the actions of Chief Ficarello violated Title VII's prohibitions against discrimination in employment.

23. Defendant's violations of Title VII were committed either maliciously or recklessly or both, and Defendant is accordingly liable to Plaintiff for punitive damages.

WHEREFORE, by reason of such violations, Plaintiff prays for judgment in her favor and for the following relief:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    An appropriate equitable remedy to restore plaintiff's career;

    d.    Prejudgment interest as allowed by law;

    e.    Plaintiff's attorneys' fees, litigation expenses and costs as necessary to make Plaintiff whole.

## COUNT II
### For Violation of the Illinois Human Rights Act

24.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 18, *supra.*, as if restated in full in this Count II.

25.    Defendant's actions as herein alleged, violated the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* by discriminating against Plaintiff on the basis of her sex, and by subjecting her to sexual harassment by her supervisor and to a hostile work environment.

WHEREFORE, by reason of such violations, Plaintiff prays for judgment in her favor and for the following relief:

    a.    Compensatory damages;

    b.    an appropriate equitable remedy to restore plaintiff's career;

    c.    Prejudgment interest as allowed by law;

    d.    Plaintiff's attorneys' fees, litigation expenses and costs as necessary to make Plaintiff whole.

## COUNT III
## For Retaliation in Violation of Title VII of the Civil Rights Act of 1964

26. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 18, *supra.*, as if restated in full in this Count III.

27. Plaintiff's internal complaint about Chief Ficarello and her filing of an EEOC Charge of Discrimination were each protected activity for which Title VII prohibits retaliation.

28. Nevertheless, Defendant retaliated against Plaintiff as herein alleged.

29. Defendant's violations of Title VII were committed either maliciously or recklessly or both, and Defendant is accordingly liable to Plaintiff for punitive damages.

WHEREFORE, by reason of such violations, Plaintiff prays for judgment in her favor and for the following relief:

      a. Compensatory damages;

      b. Punitive damages;

      c. An appropriate equitable remedy to restore plaintiff's career;

      d. Prejudgment interest as allowed by law;

      e. preliminary and permanent injunctive relief to prevent ongoing and further retaliation;

      f. Plaintiff's attorneys' fees, litigation expenses and costs as necessary to make Plaintiff whole.

## COUNT IV
## For Retaliation in Violation of the Illinois Human Rights Act

30. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 18, *supra.*, as if restated in full in this Count IV.

31. Defendant has violated the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* by retaliating against Plaintiff for her opposition to violations of the Illinois Human Rights Act.

WHEREFORE, Plaintiff prays for judgment in her favor and for the following relief:

    a.    Compensatory damages;

    b.    An appropriate equitable remedy to restore plaintiff's career;

    c.    Prejudgment interest as allowed by law;

    d.    Preliminary and permanent injunctive relief to prevent ongoing and further retaliation;

    e.    Plaintiff's attorneys' fees, litigation expenses and costs as necessary to make Plaintiff whole.

Respectfully submitted,

/s/ Kathryn E. Korn
One of Plaintiff's attorneys

Kathryn E. Korn
Kathryn E. Korn Law Office
8501 West Higgins, Suite 270
Chicago, IL 60631
ARDC #1511998
(773) 444-0041
kathrynkorn@aol.com

Respectfully submitted,

/s Hall Adams

Hall Adams
33 N. Dearborn St., Suite 2350
Chicago, IL 60602
(312) 445-4900
(312) 445-4901 fax
ARDC 6194886

6